IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARILYN BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-1644-L |
| | § | |
| FITFLOP USA, LLC and THE TJX COMPANIES, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's First Amended Motion to Remand and for Assessment of Fees Pursuant to 28 U.S.C. § 1447(c) (Doc. 5), filed August 17, 2021. After careful consideration of the motion, response,[1] pleadings, record, and applicable law, the court **grants** the motion and **remands** this action to County Court at Law No. 3 in Dallas County, Texas. Remand is necessary, not because removal was untimely, but because the amount-in-controversy requirement has not been established by Defendant The TJX Companies, Inc. ("TJX"), and the action, therefore, is not removable.

### I. Procedural and Factual Background

Plaintiff Marilyn Butler ("Plaintiff" or "Ms. Butler") originally filed this action against Defendants TJX and Fitflop USA, LLC, on May 13, 2021, in County Court at Law No. 3 in Dallas County, Texas. Ms. Butler contends in Plaintiff's Original Petition ("Petition") that she was injured, on or about May 17, 2019, from a slip and fall in the hallway of her home as a result of FitFlop Electra Classic Sandals purchased from TJX. Petition 5. She sues under theories of

---

[1] Plaintiff did not file a reply to TJX's response.

Memorandum Opinion and Order - Page 1

negligence; breach of express warranty; breach of the implied warranty of merchantability; breach of the implied warranty of fitness for a particular purpose; violations of the Deceptive Trade Practices Act; misrepresentation; strict liability; design defect; manufacturing defect; and marketing defect. *Id.* at 4-15. She seeks recovery of monetary damages for actual medical bills in an amount exceeding $14,892; future medical expenses; past and future physical pain and suffering and mental anguish; past and future physical impairment; and past lost wages and future lost wage earning capacity. *Id.* at 15-16.

On July 15, 2021, Defendant TJX removed this action to federal court from County Court at Law No. 3 in Dallas County, Texas, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest. On August 17, 2021, Plaintiff filed her Motion to Remand. In support, she contends that: removal was untimely; TJX failed to obtain the consent of co-Defendant FitFlop prior to removal; and TJX has failed to meet its burden of showing by a preponderance of evidence that the amount-in-controversy requirement is satisfied. *See generally* Pl.'s First Am. Mot. Remand, Doc. 5. In response, TJX argues that removal was timely; the motion to remand is untimely; that FitFlop had not been served at the time of removal and its consent to removal, therefore, was not required; and that the amount in controversy exceeds $75,000. *See generally* Def.'s Resp. Pl.'s First Am. Mot. Remand, Doc. 7.

This action should be remanded but not because it was untimely removed to federal court or because FitFlop did not join in the removal, as asserted by Ms. Butler.[2]  It should not remain in

---

[2] The court agrees with TJX that Plaintiff waived her right to raise procedural defects because she filed her motion to remand more than thirty days after the Notice of Removal. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Fifth Circuit has expressly stated that "all removal defects are waivable except for lack of original subject matter jurisdiction." *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992). "[A] motion for remand based on procedural defects that

federal court, as the amount in controversy was not established by TJX at the time of removal, and, therefore, the court lacks jurisdiction to hear this action. In other words, this action should not have been removed to federal court.

## II. Jurisdiction of Federal Courts

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of

---

is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004).

Memorandum Opinion and Order - Page 3

which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The parties do not dispute that there is complete diversity of citizenship between the parties. Moreover, from what the Court can discern, complete diversity is present. As none of the parties shares the same citizenship, the court turns its attention to whether the amount-in-controversy requirement has been met.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

In a removed case, when the complaint or pleading does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that

Memorandum Opinion and Order - Page 4

*might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

In making this assessment, a district court may apply a "common sense" approach. *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

The common-sense approach has been used by the Fifth Circuit since *Allen* in removed cases to determine whether the jurisdictional amount has been satisfied. In a removed case, the defendant has the burden of establishing jurisdiction. When no specific amount is alleged in the pleadings, a defendant must show that the amount in controversy exceeds $75,000. This requisite showing may be done "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 1335 (emphasis in original)). In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude that

**Memorandum Opinion and Order - Page 5**

it was "facially apparent" from the complaint that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and *Luckett*, 171 F.3d at 298. *Allen, Luckett,* and *Gebbia* were all cases in which the plaintiffs sought remand, and the court held that by applying common sense and experience it was "facially apparent" that the damages alleged or sought in the complaint would satisfy the jurisdictional minimum. Remand was denied in all three cases.

This same principle works in reverse when a defendant fails to show, more likely than not, that the jurisdictional threshold has been satisfied. In *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit held that a defendant seeking to remove a case to federal court must "produce information, through factual allegations or an affidavit, sufficient to show" that the amount in controversy met the jurisdictional threshold at the time of removal. 193 F.3d 848, 851 (5th Cir. 1999) (citation omitted).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

In its Notice of Removal, TJX asserts that the "matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs." Def.'s Not. of Removal 2, ¶ 5, Doc. 1. In support, TJX states: "In her Original Petition, Plaintiff seeks 'only monetary relief of $250,000 or less.'" *Id.* (quoting Petition at 1). In addition, TJX points to Plaintiff's Petition generally and cites the multiple categories of damages for which she seeks recovery. *See* Def.'s Resp. Pl.'s Am. Mot. Remand 6-7, Doc. 7.

The court concludes that TXJ has not met its burden of showing, by a preponderance of the evidence, that the jurisdictional amount-in-controversy has been satisfied. First, TJX's argument that Ms. Butler alleges and seeks "only monetary relief up to $250,000 or less," does nothing to establish the amount in controversy. When a party files an original pleading in a Texas state court, applicable state law requires the pleading to include one of five categories of relief sought. Tex. R. Civ. P. 47(c)(1)-(5).[3] By including such a statement in the Petition, Ms. Butler was merely complying with relevant Texas law. Moreover, the category selected by Ms. Butler does not establish that the amount necessarily exceeds $75,000, as the category she selected also includes amounts of $75,000 and below, which are less than the jurisdictional threshold. TJX's

---

[3] Rule 47(c)(1)-(5) of the Texas Rules of Civil Procedure requires, except in cases governed by the Family Code, a party to seek relief as follows:

(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;

(2) monetary relief of $250,000 or less and non-monetary relief;

(3) monetary relief over $250,000 but not more than $1,000,000;

(4) monetary relief over $ $1,000,000; or

(5) only non-monetary relief[.]

**Memorandum Opinion and Order - Page 7**

speculation and interpretation as to the amount of specific monetary relief sought by Ms. Butler do not provide any basis for establishing that the amount in controversy exceeds $75,000.

Second, Ms. Butler alleges that she was injured and suffered severe physical injuries, including fractures to her left foot. Otherwise, the Petition contains no factual allegations regarding the severity of her injuries, the type of injuries she suffered (other than to her left foot), or any manner in which she has been disfigured. Here, in the Petition, Ms. Butler contends that she has medical bills exceeding $14,892. In addition, she seeks damages for future medical expenses, past and future physical pain and suffering and mental anguish, past and future physical impairment, and future loss of earning capacity. Ms. Butler also seeks past lost wages; however, she does not allege what that amount is, even though she filed the state court action just a few days shy of two years from the date the incident made the basis of the lawsuit occurred. There is absolutely no reason why she would not have known the amount of lost wages she suffered after almost two years. That is something uniquely known to her and, more importantly, one of the critical factors in determining whether the jurisdictional threshold has been met.

She does not seek any punitive damages or damages for loss of enjoyment of life (past or future). TJX relies on these pleadings to support its contention that it has met the amount-in-controversy requirement. As this court recently stated, however, "[A] simple restatement or adoption of another party's anemic, bare-bones, or deficient pleadings does not transform the action into one in which the jurisdictional threshold for the amount in controversy has been met." *Baker v. Family Dollar Stores of Texas, LLC*, No. 3:21-cv-1708-L, 2021 WL 3725923, at *4 (N.D. Tex. Aug. 23, 2021).

Moreover, as this incident occurred in May 2019, and the action was removed to federal court approximately 26 months after the incident occurred, it is only reasonable to infer that at

least a modicum of knowledge would be known about the severity and extent of Plaintiff's injuries, and the kind and costs of medical treatment she received prior to the action being filed in state court and later removed to federal court. Had Plaintiff's damages far exceeded the medical bills of $14,892 at the time of filing, the result might be different. Even considering her various claims and alleged injuries, neither Plaintiff's Petition nor TJX's Notice of Removal sets forth sufficient allegations or evidence for the court to reasonably conclude that the jurisdictional threshold for the amount in controversy for removal has been met.

The section or part of Plaintiff's Petition that seeks recovery for damages is nothing more than boilerplate language that the court has seen hundreds of times, and plaintiffs, for some reason, often believe such broad and conclusory allegations are sufficient for the court to reasonably infer that more likely than not the amount in controversy exceeds $75,000. Such allegations do nothing to assist the court in making a reasonable inference regarding jurisdiction.

In its response brief, TJX cites to *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003), to support its contention that it has met its burden of showing, by a preponderance of the evidence, that the amount-in-controversy requirement was met at the time of removal. *See* Def.'s Resp. Pl.'s Am. Mot. Remand 6, Doc. 7. The court finds *Felton* distinguishable. In *Felton*, the Fifth Circuit, in *sua sponte* questioning its own subject matter jurisdiction, concluded that the amount-in-controversy requirement was met in a case involving a plaintiff who sued Greyhound Lines, Inc., alleging she fell down the steps of a Greyhound bus and was severely injured and broke her hip. *Felton*, 324 F.3d at 772-73. The Fifth Circuit concluded that, "[a]lthough the question remains close," based on the alleged damages, it was "more likely than not that the amount-in-controversy will exceed $75,000." *Id.* at 774. Of particular import, in reaching its conclusion that the amount-in-controversy requirement was satisfied, the Fifth Circuit noted:

> In this case, Greyhound's Notice of Removal indicates that Felton "suffered severe debilitating injuries including a subtrochanteric fracture of the right hip requiring an open reduction and an internal fixation with a 75 millimeter lag screw and 140–degree six hole plate." Greyhound also repeated from Felton's complaint that she was confined to a rehabilitation hospital after surgery. Finally, Greyhound noted that Felton had incurred "over $40,000 in medical bills relating to this incident." On the basis of these facts, Greyhound alleged that the amount in controversy "reasonably exceeds $75,000."

*Id.* In this case, however, although Plaintiff alleges she suffered fractures in her left foot, she does not allege any injuries as extensive as those alleged in *Felton*, in which the plaintiff alleged she "suffered severe debilitating injuries including a subtrochanteric fracture of the right hip requiring an open reduction and an internal fixation with a 75 millimeter lag screw and 140–degree six hole plate." *Id.* In addition, in this case, Plaintiff alleged in the Petition that her alleged medical bills at the time of filing were $14,892, almost two years after her accident and far less than the $40,000 alleged by the plaintiff in *Felton*. Also, in this case, in contrast to *Felton*, the Petition includes no allegations that Plaintiff was confined to a hospital for any duration or had to undergo surgery. Finally, Plaintiff's Petition does not address or describe how she has been disfigured, or the extent of any alleged disfigurement. As such, the court finds that *Felton* is distinguishable and does not support TJX's position.

In summary, nothing is set forth in the Petition, or otherwise, for the court to make a reasonable inference that the amount in controversy more likely than not exceeds $75,000. It is possible that the amount in controversy exceeds $75,000, but given the paucity of any specific allegations regarding the extent of her injuries and amount of damages, TJX has not convinced the court that Ms. Butler seeks an amount greater than $75,000. The jurisdictional threshold may not be met by the use of conclusory language or buzzwords as set forth in Plaintiff's Petition when there are no underlying allegations to support the amount in controversy, or when the record provides no specifics as to the amount of damages. To find that the jurisdictional amount has been

**Memorandum Opinion and Order - Page 10**

met in this action under these circumstances would be sheer conjecture and speculation, and require the court to "wade into a briar patch of guesswork." Plaintiff's Petition does not on its face support diversity jurisdiction, and TJX has not set forth sufficient, additional facts or allegations to support such jurisdiction.

### IV. Plaintiff's Request for Attorney's Fees

Plaintiff requests that the court award her attorney's fees incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Pl.'s Am. Mot. Remand 10-11, Doc. 5. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The court determines that an award of fees is not warranted. This is not an instance in which the court can conclude that TJX lacked objectively reasonable grounds to believe that removal was legally proper. That TJX failed to meet its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeded $75,000, exclusive of interest and costs, is not an indication that it lacked a reasonably objective basis to remove. As previously explained, TJX

relied on, among other things, Plaintiff's allegation in her Petition that she seeks "only monetary relief up to $250,000 or less[.]" As the court concluded, however, applicable state law requires the pleading to include one of five categories of relief sought. *See* Tex. R. Civ. P. 47(c)(1)-(5). Moreover, while the court has concluded that the facts in *Felton* are distinguishable from the facts of this case, the Fifth Circuit in *Felton* did conclude that, although it ultimately determined that the amount-in-controversy requirement had been met in that case, "the question remain[ed] close." *Felton*, 324 F.3d at 774. While the court reaches a different decision than that advocated by TJX does not mean that this, like *Felton*, is not a close call or that TJX lacked objectively reasonable grounds to rely on *Felton*.

The court cannot say that TJX lacked objectively reasonable grounds to remove. Plaintiff has not persuaded the court that an award of attorney's fees is merited under applicable law. This is especially true as Plaintiff's request for attorney's fees focuses largely on her contentions that removal was untimely and that TJX was required to obtain the consent of FitFlop prior to removal, neither of which is the case. *See supra* note 2. Accordingly, the court will deny Plaintiff's request for attorney's fees.

V. **Conclusion**

For the reasons herein set forth, the court determines that Defendant TJX did not establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. The court, therefore, lacks subject matter jurisdiction to entertain this action, and it must be remanded. Accordingly, the court **grants** Plaintiff's First Amended Motion for Remand (Doc. 5), and **denies** her request for attorney's fees. The court **remands** this action to Dallas County Court at Law No. 3. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure.

**It is so ordered** this **29th** day of **March, 2022**.

                                          Sam A. Lindsay
                                          United States District Judge